IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEVON FRED MORELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:12-CV-961-WHA |
| ) | [WO] |
| SHERIFF SID LOCKHART, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Plaintiff brings this 42 U.S.C. § 1983 action for damages against Sid Lockhart, Sheriff of Chambers County, Alabama. He challenges the conditions of his confinement and the adequacy of medical attention he received during his incarceration at the Chambers County Detention Facility in LaFayette, Alabama.[1]  *Doc. Nos. 1, 6, 7.*

Defendant filed an answer, special report, supplemental special reports, and supporting evidentiary materials addressing Plaintiff's claims for relief.  In these documents, Defendant argues this case is due to be dismissed because before filing this cause of action Plaintiff did not properly exhaust an administrative remedy available to him at the Chambers County Detention Facility regarding the claims in the complaint. *Doc. Nos. 19, 31, 32*.  Defendant bases his exhaustion defense on Plaintiff's failure to file a grievance appeal regarding the claims in this action. *Doc. No. 32.*

---

[1] During the pendency of this action Plaintiff was released from custody.

The court provided Plaintiff an opportunity to respond to Defendant's special report, as supplemented, in which he was advised to "specifically address Defendant's argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)" before filing this federal civil action. *Doc. No. 20* at 1-2; *Doc. No. 33* at 1-2. Plaintiff filed a response to Defendant's special report. *Doc. No. 23*. Plaintiff filed no response to Defendant's supplemental special reports in the time allowed by the court.

"[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendants' "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies...."). Therefore, the court will treat Defendant's report, as supplemented, as a motion to dismiss.

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e about exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion

2

requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has, therefore, determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012). The court will "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir.2008) (*citing Bryant*, 530

F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (*citing Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 F. App'x at 366. A district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535.

Upon review of the complaint, Defendant's dispositive motion, and Plaintiff's response, the court concludes that Defendant's motion to dismiss is due to be granted.

### III. DISCUSSION

Plaintiff challenges the provision of medical care and the conditions of confinement to which he was subjected while incarcerated at the Chambers County Detention Facility. *Doc. Nos. 1, 6, 7.* In response to the complaint, Defendant asserts this case may dismissed because Plaintiff did not exhaust properly the administrative remedy provided at the Chambers County Detention Facility before filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *Doc. Nos. 19, 31, 32.*

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to

4

prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325; *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Id*. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by

effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. *Id*. at 83-84; *Bryant,* 530 F3d at 1378 (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson*, 418 F.3d at 1157 (inmate who files an untimely grievance or spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (*per curiam*).

It is undisputed that the Chambers County Detention Facility provides an administrative remedy procedure for inmate complaints in the form of an inmate grievance procedure. *Doc. No. 19, Fuller, Lockhart, and Stewart Affidavits, Doc. No. 31, Lockhart Affidavit*. Defendant states the jail has a grievance policy for inmates to express complaints. The grievance procedure lets an inmate send inmate grievances to jail staff to express complaints about matters/conditions at the jail. Inmates are instructed to write out their grievance on a grievance form and return the form to any member of the jail staff. Inmate grievances are investigated and answered by the shift supervisor within 72 hours of receipt, excluding weekends or holidays. If a longer period is required to provide an adequate response, the inmate will be notified in writing. Grievances of an emergency nature are answered as soon as possible. If an inmate is dissatisfied with the

initial response to the grievance, he or she may appeal in writing to the jail administrator. Defendant states inmates may also address a grievance or other communication specifically to him. A Sheriff's grievance or communication is placed in a box checked daily and taken to the Sheriff for action. Copies of inmate grievances and requests and the responses thereto are placed in the inmate's prison file. *Doc. No. 19, Lockhart, Fuller, and Stewart Affidavits; Doc. No. 32, Stewart Affidavit.*

The record shows that the Chambers County Detention Facility provides an administrative remedy procedure for inmate complaints which is available to all jail inmates including Plaintiff during his confinement at the facility during the relevant time period. Plaintiff does not challenge the availability of a grievance procedure at the jail. The grievance procedure allows an inmate to file a grievance or complaint addressing actions occurring or conditions present in the facility by submitting an inmate grievance form and stating the basis for the grievance. The evidence reflects that Plaintiff submitted three inmate grievances before filing this complaint. These grievances reflect that Plaintiff complained about the slots on the meal trays not being completely filled, being served jelly sandwiches, and matters about the criminal charges on which he was detained. Plaintiff also submitted various inmate requests before filing the instant complaint where he inquired about matters concerning inmate laundry, extradition waivers, medical appointments, his release on bond, working as a trustee, getting government addresses, being on lock down, and obtaining copies of his inmate fund account, arrest report, and charges or warrants. Defendant's evidence reflects that the same day Plaintiff signed the instant complaint, he submitted an inmate request form

asking that his mat be returned to him and about being seen by medical staff. The record shows that Plaintiff received responses to his inmate grievances and requests. *Doc. No. 19, Exh. C.* Defendant maintains, however, that Plaintiff's jail file contains no appeal of any response he received to his inmate grievances or requests. *Id. and Doc. No. 32, Stewart Affidavit.*

The evidentiary materials filed by Defendant demonstrate that Plaintiff failed to properly exhaust the administrative grievance procedure available at the Chambers County Detention Facility. Specifically, Plaintiff filed no grievance or no grievance appeal of any response he received to his inmate grievances and requests regarding the claims made the basis of the instant complaint before filing this case. Plaintiff does not dispute his failure to properly exhaust the administrative remedy available at the Chambers County Detention Facility during his incarceration at the jail.[2] *See Doc. Nos. 32, 33*.

Based on the evidence in the record, the court finds that Plaintiff failed to properly exhaust the grievance procedure provided at the Chambers Detention Facility. Specifically, Plaintiff filed no grievance and/or no grievance appeal of any response he received to his inmate grievances and/or requests regarding the claims presented in the complaint in accordance with the facility's grievance procedure and has presented nothing to justify his failure to exhaust this administrative remedy. It is likewise clear

---

[2] In his response to Defendant's initial special report, Plaintiff disputes Defendant's assertion that he did not submit an inmate request form regarding some of the claims presented in his complaint. *See Doc. No. 23.* Plaintiff, however, filed no response to Defendant's supplemental special report wherein he maintains that Plaintiff failed to submit a grievance appeal of any response he received to his inmate grievances and requests regarding the claims made the basis of this complaint. *See Doc. Nos. 32, 33.*

that access to the grievance procedure ceased after Plaintiff filed this case, and the administrative remedy provided by Defendant is no longer available to him. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available administrative remedies had become unavailable). Defendant's motion to dismiss for failure to exhaust is due to be granted. *Woodford*, 548 U.S. at 87-94.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion to dismiss (*Doc. Nos. 19, 31, & 32*) be GRANTED to the extent Defendant seeks dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Chambers County Jail prior to initiating this cause of action;

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy available to him at the Chambers County Jail; and

3. No costs be taxed.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 4, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 17th day of December, 2015.

> /s/ Wallace Capel, Jr.
> WALLACE CAPEL, JR.
> UNITED STATES MAGISTRATE JUDGE